XIU YING GAO, Wen Jin Zhao,[1] Petitioners,

v.

**U.S. ATTORNEY GENERAL,** Respondent.

No. 06–5048–ag.

United States Court of Appeals, Second Circuit.

June 20, 2007.

---

1. This caption differs from the official caption. The Clerk of Court is directed to amend the caption accordingly.

682

Liu Yu, Law Offices of Yu & Associates, PLLC, New York, NY, for Petitioners.

Eric F. Melgren, United States Attorney for the District of Kansas, Brent I. Anderson, Assistant United States Attorney, Wichita, KS, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioners Xiu Ying Gao and Wen Jin Zhao, natives and citizens of the People's Republic of China, seek review of an October 4, 2006 order of the BIA affirming the January 19, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein denying Gao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Ying Gao and Wen Jin Zhao,* Nos. A95 633 873, A95 633 874 (B.I.A. Oct. 4, 2006), *aff'g* Nos. A95 633 873, A95 633 874 (Immig. Ct. N.Y. City Jan. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—including the portions of the IJ's decision not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the agency's adverse credibility finding, in light of the IJ's serious concerns relating to whether Gao's second pregnancy or forced abortion ever occurred. Gao stated during her 2003 airport interview that she did not fear returning to China, and that she had come to the United States to see her husband, whom she had not seen in eight years. She mentioned the abortion for the first time at her credible fear interview, stating that it occurred "in 1996." At her hearing, however, she claimed that she was forced to have an abortion in 1998, and

683

that her husband left China shortly thereafter. Although Gao claimed that her airport interview was unreliable because it was conducted in Mandarin, the record indicates that it was conducted in Fuzhou, and that she gave responsive answers to a long series of questions relating to her reasons for leaving China. Because the evidence does not suggest that either of Gao's interviews was unreliable, the IJ reasonably relied on them. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004). Moreover, the IJ reasonably found that Gao's household registration, which indicated that her husband had left China for Equatorial Guinea in 1995, cast further doubt on her allegation that she was pregnant in either 1996 or 1998. These serious discrepancies, and other inconsistencies between Gao's testimony and a letter she submitted in support of her husband's asylum application and the IJ's concerns about her "evasive" demeanor constituted substantial evidence supporting the IJ's adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Because the alleged abortion was the only factual predicate for her claims for asylum and withholding of removal, the adverse credibility finding is necessarily fatal to those claims. *See Zhou Yun Zhang,* 386 F.3d at 86. Finally, Gao's CAT claim is deemed waived, because she failed to raise it in her brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.